IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE:

JENNIFER DAWN MCKAY

Debtor.

In Proceedings
Under Chapter 13

Case No. 18-31088

## OPINION

The matter before the Court is the Chapter 13 Trustee's ("Trustee") Objection to Confirmation of Debtor's fourth amended plan filed on January 29, 2019. At the hearing on the Confirmation of the fourth amended plan, the Trustee indicated there were no questions of fact and the matter could be decided as a question of law. The Debtor did not raise any issues of fact. A briefing schedule was established, and the matter was taken under advisement. Based upon the review of filings prior to confirmation, the Trustee's Objection, Brief in Support of the Objection, and the Debtor's Brief in Opposition, the Court makes the following findings of fact and conclusions of law.

The facts are as follows. On July 26, 2018, the Debtor filed a Chapter 13 Petition, along with schedules and statements, official forms 122C-1 and 122C-2, and a proposed plan. On October 24, 2018, the Debtor filed a first amended plan and amended forms 122C-1 and 122C-2 correcting her household size. According to the calculations set forth in form 122C-1, the Debtor had above median income. The first amended plan was confirmed on November 15, 2018.[1] Eighteen days after confirmation, the Debtor filed the third amended plan on December 3, 2018. The Debtor filed the fourth amended plan on January 29, 2019, significantly decreasing disposable income and the pool to general unsecured creditors from the confirmed plan. The fourth amended

---

[1] The second amended plan was filed on November 28, 2018, but it does not impact the issue presented.

1

plan is based on a disposable income calculation using actual income and expenses from schedules I and J, rather than using the Internal Revenue Service standard expenses on form 122C-2 for debtors with above median income. The Trustee objects to confirmation of the fourth amended plan on the basis that it has not been proposed in good faith.[2]

The applicable sections of the Bankruptcy Code governing confirmation of a Chapter 13 plan and an amendment of a confirmed Chapter 13 plan are 11 U.S.C §§ 101(10A), 1325(a) and (b), 707(b), and 1329. Section 1325(a) and (b) set forth the standards governing confirmation of a Chapter 13 plan. Section 1325(a) provides in part as follows:

> [T]he court shall confirm a plan if —
>
> (1) The plan complies with the provisions of this chapter and with the other applicable provisions of this title; [and]
>
> (3) the plan has been proposed in good faith and not by any means forbidden by law…

Section 1325(b)(1) provides in part as follows:

> [T]he court may not approve the plan unless, as of the effective date of the plan—
>
> (B) the plan provides that all of the debtor's projected disposable income . . . will be applied to make payments to unsecured creditors under the plan.

Section 1325(b)(2) defines the term "disposable income" as "current monthly income received by the debtor less amounts reasonably necessary to be expended for the maintenance or support of the debtor . . ."

"Current monthly income" is defined in Section 101(10A) as "the average monthly income from all sources that the debtor receives without regard to whether such income is taxable income,

---

[2] Good Faith is normally a question of fact, requiring an evidentiary hearing. As previously noted, both the Trustee and the Debtor indicated there were no questions of fact and the matter could be decided without an evidentiary hearing.

2

derived during the 6-month period ending on. . . the last day of the calendar month immediately preceding the date of the commencement of the case. . ."

Section 1325(b)(3) expands on the phrase "Amounts reasonably necessary to be expended" for debtors whose incomes are higher than the median incomes of similarly-sized households in their state. In cases where the debtor's income is above median, the "amounts necessary to be expended" for the maintenance or support of the debtor are calculated pursuant to Section 707(b)(2)(A) and (B). Section 707(b)(2)(A)(ii)(1) provides in part as follows:

> The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, as in effect on the date of the order for relief, for the debtor [with certain adjustments not pertinent to this case]

Section 1325(b) requires a debtor to use his projected disposable income to repay creditors and defines the term "disposable income." The section establishes different standards for confirmation of a Chapter 13 plan based on whether a debtor's income is above or below the median income for people residing in the debtor's state. If a debtor is under median, disposable income is calculated based on "current monthly income," as defined by Section 101(10A), minus expenses on schedule J.

If a debtor has above median income, disposable income is calculated in a different manner. A debtor's income is "current monthly income" as determined by Section 101(10A). Expenses, however, are determined in accordance with Section 707(b), which sets expenses with certain adjustments, as those provided for under the National and Local Standards and a debtor's actual monthly expenses specified as Other Necessary Expenses issued by the Internal Revenue

3

Service for the area in which the debtor resides. The statement of a debtor's current monthly income and calculation of the commitment period is made on form 122C-2. In either the above median or below median income situation, disposable income is subject to change to reflect "projected income" at the time of confirmation. *See Hamilton v. Lanning,* 130 S. Ct. 2464 (2010).[3]

Section 1329 governs the post confirmation amendment of a Chapter 13 plan and provides in part as follows:

> (a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to--
>
>> (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan
>> . . .
>
> (b)(1) Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section.

Section 1329 permits a debtor to amend a confirmed Chapter 13 plan to increase or reduce the amount of payments on claims of a particular class provided for by the plan and provides that an amended Chapter 13 plan must comply with confirmation standards set forth in Section 1325(a). A confirmed plan modified post confirmation under Section 1329 must be proposed in good faith as contemplated by section 1325(a)(3). A debtor bears the burden of proving the amended plan complies with the good faith requirement. *In re Shelton,* 592 B.R. 193, 200-01 (Bankr. N.D. Ill. 2018). When making a good faith determination, the court should look at whether a debtor's plan constitutes an attempt to unfairly manipulate the Bankruptcy Code. *In re Delp*, 2009 WL322227, at *3 (Bankr. S.D. Ill. Feb 9, 2009) (quoting *Matter of Smith*, 848 F.2d 813, 820

---

[3] Neither the Trustee or the Debtor raised a *Lanning* issue.

n. 8 (7th Cir. 1988), quoting *Education Assistance Corp V. Zeller,* 827 F.2d 1222, 1227 (8th Cir. 1987)).

In the instant case, the Debtor's Chapter 13 plan was confirmed on November 15, 2018. According to the confirmed plan, schedules, and official form 122C filed in this case, the confirmed plan was based on the Debtor having above median income with gross monthly income of $7,451.27 and a net monthly income of $5,210.76. Because the Debtor's income was above median, disposable income was calculated using official form 122C-2, which applies Section 707(b)(2), resulting in disposable income of $1,758.68 per month. The confirmed plan was funded to pay a $105,520.80 pool to allowed general unsecured claims.

On December 3, 2018, eighteen days after confirmation, the Debtor filed the third amended plan and amended schedules I and J. On January 29, 2019, the Debtor filed the fourth amended plan and amended schedules I and J. The fourth amended plan reduces the amount paid on unsecured claims from $105,520.80 to $0.00. Amended schedule I lists gross monthly income of $6,900.83 and net monthly income of $5,053.48, and amended schedule J lists monthly expenses totaling $4,552.52. The Debtor's calculation of disposable income is based on subtracting actual monthly expenses on Schedule J from the debtor's current monthly income, rather than using the calculation described in Section 707(b)(2) for above median debtors, resulting in a new disposable monthly income of $500.96.

The Trustee objects to the fourth amended plan on the basis that it has not been proposed in good faith.[4] Specifically, the Trustee argues that the timing in filing the amended plan and

---

[4] The Trustee does not object to the amended plan on the basis it does not comply with Section 1325(b). Section 1329 provides that an amendment to a confirmed plan must comply with the provisions of 1325(a). Section 1325(a), in turn requires compliance with the provisions of Chapter 13, which would include 1325(b) and other applicable provisions of the Bankruptcy Code. *See In re King*, 439 B.R. 129, (Bankr.

5

schedules is an unfair manipulation of the Bankruptcy Code that results in a fundamental unfairness to general unsecured creditors. As support, the Trustee notes that the pool to unsecured creditors was reduced from $105,520.80 to $0.00 by asserting a $157.28 per month decrease in net income, in conjunction with a $469.00 increase in expenses that was known prior to confirmation. The Debtor asserts that her disposable income has been reduced due to a reduction in income arising from the loss of an annual bonus and an increase in expenses due to an additional car expense. She argues that post-confirmation, disposable income should be calculated using actual income and expenses shown on schedules I and J for a below median debtor, rather than utilizing Internal Revenue Service standard expenses on form 122C-2 for an above median debtor. The Debtor cites no authority for this conclusion.

There are three factors which indicate a lack of good faith on the Debtor's part. First, action to initiate the amendment to the confirmed plan was initiated a mere 18 days after confirmation. Second, the fourth amended plan reduces the amount being paid on unsecured claims from $105,520.80 (approximately 92%) to $0 (0%). Third, and most importantly, even though the Debtor's income is still above median,[5] the Debtor changed the method for calculating disposable income from one used for above median income debtors to one for below median debtors. To obtain confirmation of the first amended plan the Debtor had to calculate disposable

---

S.D. Ill. 2010) ("[T]he court finds that the modification provisions of §1329 are subject to the requirements of §1325(a) and (b)"). However, not all courts agree with such a result. *See In re Sunahara*, 326 B.R. 768, 781 (9th Cir. BAP 2005); *In re McCully*, 398 B.R. 590, 593 (Bankr. N.D. Ohio 2008); *In re Young*, 370 B.R. 799, 802 (Bankr. E.D. Wis.2007); *In re Ewers*, 366 B.R. 139, 142–43 (Bankr.D.Nev.2007). In compliance with Section 1325(b) post-confirmation, where the debtor's income is above median, the "amounts necessary to be expended" are calculated pursuant to 707(b)(2)(A) and (B), as discussed *supra*.

[5] The Debtor's most recent amended schedule I, filed on January 29, 2019, indicates that the debtor's gross income is $6,900.83 per month. Multiplying this income by 12, in accordance with Section 1325(b), results in a current monthly income for the year equal to $82,809.96. The median family income for Illinois and a household size of one is $52,410.00. Because the Debtor's income is greater than the median family income, the Debtor is still an above median debtor.

income as an over median debtor. Having obtained confirmation, even though she remained an over median debtor, she then sought to change the calculation of her disposable income as a below median debtor. The Debtor's delayed amendment of her plan and schedules until after confirmation is an attempt to deviate from the standard means test on form 122C-2 which equates to a manipulation of the Bankruptcy Code, which in turn equates to bad faith.

If this Court were to accept the Debtor's position, then there would be no significance to being an above median debtor. A debtor with above median income could simply wait until post-confirmation of a plan, and then file an amended plan and schedules shortly thereafter to be able to use actual income and expenses on schedules I and J for a new determination of disposable income

For the reasons set forth above, the Court finds that the Debtor's Chapter 13 plan was not filed in good faith pursuant to 1325(a)(3). Accordingly, the Trustee's Objection to Confirmation is SUSTAINED.

See Order entered this date.


ENTERED: July 22, 2019

/s/ William V. Altenberger
UNITED STATES BANKRUPTCY JUDGE